1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Zheng "Andy" Liu (S.B.# 279327)
Lauren A. Kassouf Quan (S.B.# 331586)
*Aptum Law*
750 Alam Lane #8244
Foster City, CA 94404
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff BuildSimHub Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

BuildSimHub Inc., a Delaware
corporation,

                 Plaintiffs,

     v.

Beijing Jianyi Investment Development
(Group) Co., Ltd., a China limited
company; Jianyi Investment and
Development Inc., a California
corporation; Jianyi Silicon Vally LLC, a
California Limited Liability Company;
Jianyi 1201 San Pablo LLC, a California
Limited Liability Company; and Lanhai
Su, an individual;

                 Defendants.

Case No.: 5:20-cv-09098-EJD

**MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES; SUPPORTING MEMORANDUM OF POINTS; AND AUTHORITIES AND DECLARATIONS**

The Honorable Edward John Davila

Courtroom 4

Date: May 20, 2021

Time: 9:00 a.m.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION FOR
## AWARD OF SERVICE EXPENSES AND ATTORNEY FEES

PLEASE TAKE NOTICE THAT on May 20, 2021, at 9:00 a.m. before the Honorable Edward John Davila, at 280 South 1st Street, San Jose, CA 95113, 5th Floor, Courtroom 4, Plaintiff BuildSimHub Inc. ("BuildSimHub" or "Plaintiff") will and hereby does move the Court, under Rule 4(d)(2) of the Federal Rules of Civil Procedure, for an order awarding the expenses incurred serving defendants Jianyi Investment and Development Inc., Jianyi Silicon Vally LLC, Jianyi 1201 San Pablo LLC, and Lanhai Su (collective "Defendants") after Defendants refused to waive service, as well as the reasonable attorney fees incurred pursuing this motion.

This motion seeks the following relief: an order awarding $400.00 for service expenses, $4,440 for attorney fees, and setting a deadline for payment.

Defendant Zhang's motion is based on this Notice; the Memorandum of Points and Authorities; the Declarations of Mr. Zheng Zhang, Ms. Grace Li, Mr. Zheng Liu, and Ms. Yu Liu; the Court's files and records in this action; Plaintiff's Complaint; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants refused to waive service of the summons and complaint. In fact, Defendants claimed that (1) their counsel does not represent them; that (2) their counsel does not even recognize their names, and that (3) their counsel does not know which lawyers would represent them.

All are false: Defendants' counsel appeared in this action for all purposes on behalf of all Defendants (ECF 21) as soon as this Court entered default against Defendant Beijing Jianyi Investment Development (Group) Co., Ltd. (ECF 22).

After Defendants were served, they declined to pay service expenses, as required by Rule 4(d)(2)(A). Numerous times, Plaintiff sought to meet and confer with Defendants' counsel; Defendants and their counsel never responded.

2

**MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS**

Given Defendants' numerous intentional misrepresentations, their refusal to meet and confer regarding this motion, Plaintiff now seeks an award of service expenses as well as the fees incurred in seeking those expenses.

### FACTS

#### A.  Case background

This case involves disputes between BuildSimHub (a smart building construction and customization high-tech startup) and end-user customers that actively sought and benefited from Plaintiff's service, but refused to pay. Complaint, ₱ 1.

After Defendants' repeated refusals to pay, Plaintiff brought this action for breach of contract, quantum meruit, and unfair business practices arising under the common law and the California statutes. *Id.*, ₱ 2.

On December 16, 2020, Plaintiff filed this lawsuit. Declaration of Zheng Liu ("Liu Decl."), ₱ 2.

#### B.  Defendants refused to waiver service

 On December 17, 2020, Plaintiff requested Defendants' counsel to waive service (Exhibit A).  Defendants and their current counsel of record refused to respond. *Id.,* ₱ 3.

On December 17, 2020, Mr. Zheng Zhang, a representative of Plaintiff corporation, sent, by first class mail, postage prepaid a notice of lawsuit and waiver of service of a summons (drafted on the Form AO 398) along with two copies of the waiver form and a stamped, self-addressed envelope for returning one copy to authorized addresses of Defendants. Declaration of Zheng Zhang ("Zhang Decl."), ₱ 3. Defendants never waived service. *Id.,* ₱ 4.

On December 18, 2020, Plaintiff again requested Defendants' counsel to waive service. Defendants' current counsel of record refused, claiming that his firm has no information about this case. After Plaintiff provided Defendants counsel public information about this case from Pacer Defendants' Counsel sarcastically claimed several different excuses: (1) Defendants' Counsel does not represent Defendants; that (2) Defendants' Counsel does not recognize Defendants' names, and that (3) Defendants' Counsel does not know which lawyers would represent Defendant. Liu Decl.., ₱ 4 and Exhibit B.

///

///

**MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS**

### C. Defendants evade numerous service attempts

Twice, on January 20, 2021, the first process server, Ms. Grace Li attempted to serve Defendants at 93 Castillo Ln, Milpitas, CA 95035 (the address of residence of Lanhai Su and the address of registered agents for Defendants Jianyi Investment and Development Inc., Jianyi Silicon Vally LLC, Jianyi 1201 San Pablo LLC). Declaration of Grace Li ("Li Decl."), ℙ 3.

During both attempts, the lights at Defendant Su's residence were on and Ms. Li knocked on the door of Defendant Su's residence numerous times and waited for more than 10 minutes. Ms. Li believed Defendant Su was inside the house, because Ms. Li heard some commotion inside Ms. Su's residence after she knocked on the door. But no one opened the door to accept the legal process. *Id.*, ℙ3. Ms. Li also asked a next-door neighbor of Defendant Su, who stated that Defendant Su was inside her home but did not know why Defendant Su would not open her door. *Id.*, ℙ 4.

On February 3, 2021, the second process server, Ms. Yu Liu attempted to serve Defendants at Defendant Su's residence. Declaration of Yu Liu ("Yu Liu Decl."), ℙ 2. Ms. Liu knocked on the door numerous times and waited for more than 8 minutes. But no one opened the door to accept the legal process. *Id.*, ℙ 3. Ms. Liu believed Defendant Su was inside the house, because several windows of Defendant Su's residence were open, lights inside Defendant Su's residence were on, and Ms. Liu heard commotion inside Defendant Su's residence after she knocked on her door. *Id.*, ℙ 4.

### D. Plaintiff suffered great difficulties serving Defendants

Because of Defendants' repeated evasions of service, Plaintiff had to spend significant resources serving Defendants at their addresses of business operations and the address of their registered agents (which includes Defendant Su). Liu Decl., ℙ 5.

Plaintiff suffered great difficulties serving the process: the business offices of Defendants were inaccessible due to Covid-19 restrictions; during all three attempts for personal service, Defendant Su was inside her home, probably watching through her video surveillance camera, but refused to accept service. *Id.,* ℙ 6.

Plaintiff never received any waiver from any of Defendants. *Id.,* ℙ 8.

///

///

///

4

*E.  Defendants refused to meet and confer about this motion*

For numerous times, Plaintiff sought to meet and confer with Defendants about this motion.  Defendants refused to even respond to Plaintiff's requests for meet and confer.  *Id., ¶ 7* and Exhibit C.

## LEGAL STANDARD

Rule 4(d)(2) requires a court to impose both the expenses of service and the costs of counsel in seeking those expenses, including a reasonable attorney fee, when the defendant fails to execute and return a waiver of service when requested:

> (2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> > (A)    the ***expenses*** later incurred in making service; and
> >
> > (B)    the reasonable expenses, including ***attorney's fees***, of any motion required to collect those service expenses.

Where defendants failed to waive service of process, plaintiff was entitled toward costs plaintiff incurred in effecting service on defendants because Fed. R. Civ. P. 4(d)(2) provided for such costs. *Darulis v. Garate*, 401 F.3d 1060 (9th Cir. 2005).

A plaintiff is entitled to reimbursement of costs and an award of reasonable attorney's fees in preparing a motion for service costs, when defendants failed to comply with the plaintiff's request for waiver of service of summons, and because defendants have not shown good cause for the failure. *See e.g.*, *Kennemer v. Jefferspm Autoplex, L.L.C.*, 2004 U.S. Dist. LEXIS 10623 at 5-6 (D. La. 2004) (awarding costs and attorneys' fees to plaintiff pursuant to Rule 4(d)(2) and (5) for defendant's failure to return waiver of service of summons); *Graves v. Church of the Lord Jesus Christ of the Apostalic Faith, Inc.*, 2003 U.S. Dist. LEXIS 25495 at 1 (E.D. Pa. 2003) (same); *Ferguson v. Interpublic Group*, 1998 U.S. Dist. LEXIS 3992 at 1-2 (S.D.N.Y. 1998) (same).

///
///
///

MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES; SUPPORTING MEMORANDUM
OF POINTS AND AUTHORITIES; AND DECLARATIONS

**ARGUMENT**

**THE COURT SHOULD ORDER DEFENDANTS TO PAY PLAINTIFF'S SERVICE EXPENSES AND ATTORNEY FEES INCURRED IN PREPARING THIS MOTION**

In addition to providing a plaintiff with an entitlement to an award of service expenses, Rule 4(d)(2)(B) requires that the costs of obtaining the expenses, including reasonable attorney fees, also be awarded.  The 1993 Advisory Committee Notes explained the need for this provision:

> In the absence of such a provision, the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in relation to the small benefit secured by the plaintiff.

In each of the cases cited above, a court awarded attorney fees for the motion to award service expenses. Here, fees should be awarded considering Defendants' unjustified refusal to consent to the award or expenses.

An award of attorney fees would also be justified by Defendants' deliberate evasion of service. Here, Defendants thumbed his nose at the service that was being attempted because they did not want to inconvenience themselves by having to defend against this litigation—even though they are pursuant a separate litigation on almost exact facts within this District[1]. *Ali v. Tolbert*, 636 F.3d 622 (D.C. Cir. 2011) (authorizing award of attorney fees under court's inherent authority against defendant for evasion of service); *Currie v. Wood*, 112 F.R.D. 408, 410 n.1 (E.D.N.C. 1986) (same).  *See also* ABA Model Rules of Professional Conduct, Rule 8.4(a)(4) (attorneys must refrain from any "conduct that is prejudicial to the administration of justice"); North Carolina Formal Ethics Opinion 98-2 (Jan. 15, 1998), available at http://www.ncbar.com/ethics/ethics.asp?page=290 (attorney may not counsel client to evade service).

The record amply supports the amounts of service expenses and fees being sought in this case. The attached declarations of Mr. Zheng Zhang establish that $400.00 was paid to various

---

[1] Defendants, through their shell entity, Talece Inc. are suing a representative of BuildSimHub for more than $250, 000 on almost the exact same facts in this case. Liu Decl.  ₱ 9.

6

process servers for trying to effectuate service on Defendants three times. In addition, Plaintiff was quoted hourly rates of $60 and $65 for "special services" process servers to wait for Ms. Lanhai Su (who is named as an individual defendant and the authorized agent of process, and corporate representative of all corporate defendants) to come out of her house, or to try to locate her elsewhere. Zhang Declaration ¶ 7. Thus, a total award of $400 in service expenses is appropriate.

The attached declarations of Mr. Zheng Liu show that, through Friday February 5, 2021, he spent approximately 7.4 hours on this motion and expects to spend another 2 hours drafting a reply in connection with this motion.  Mr. Zheng Liu is a lawyer in private practice whose ordinary billing rate of $600 per hour is presumptively the reasonable rate for his services: Mr. Zheng Liu graduated from the University of California, Davis School of Law, and ranked within the top 10% of his first-year, curved law school classes; Mr. Zheng Liu has been practicing law and has close to 10 years of experience in civil litigation. This case involves difficult legal issues such as litigating against international corporations, its numerous subsidiaries and affiliates in the context of handling a related case (5:20-cv-03579-BLF) before the Honorable Beth Labson Freeman.

Similarly, the Adjusted Laffey Matrix[2], which federal courts in the District of Columbia use to avoid lengthy battles over hourly rates, and which other federal courts in California have accepted as reasonable, *Bond v. Ferguson Enterprises*, 2011 WL 2648879, at 12 (E.D. Cal. June 30, 2011), shows that Mr. Zheng Liu's proper hourly rate would be $672. Consequently, a total fee award of $4,440 is appropriate.

Finally, it is respectfully requested that this Court order Defendants pay the expenses and attorney fees within 15 days of the Court's order, as provided by *Andrews v. Pediatric Surgical Group*, 138 F.R.D. 611, 614 (N.D. Ga. 1991); *Premier Bank v. Ward*, 129 F.R.D. 500, 502-503 (M.D. La. 1990).

Given Defendants' evasion of service, and their Counsel's intentional misrepresentation that he does not even recognize the names of Defendants and as such would not accept service of process in this case, a 15-day deadline encourages prompt payment.

---

[2] A true and correct copy of the Adjusted Laffey Matrix (http://www.laffeymatrix.com/see.html) is provided as Exhibit D. Liu Decl., ¶ 14.

**MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS**

Dated:  February 5, 2021

Respectfully submitted,

*Zheng Andy Liu*

By  _____

Zheng "Andy" Liu (SBN 279327)
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*

8

**MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS**