UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BUILDSIMHUB INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BEIJING JIANYI INVESTMENT DEVELOPMENT (GROUP) CO. LTD., et al.,<br><br>　　　　Defendants. | Case No.　5:20-cv-09098-EJD<br><br>**ORDER**<br><br>Re: Dkt. Nos. 62, 70, 91, 94, 95 |

Several motions are before the Court relating to Plaintiff BuildSumHub Inc.'s ("Plaintiff") action—Plaintiff's motion for a writ of attachment, Dkt. No. 62, Plaintiff's motion to strike, Dkt. No. 70, Defendant Lanhai Su's motion to expunge *lis pendens*, Dkt. No. 91, Plaintiff's motion for alternative service of process, Dkt. No. 95, and defense counsel's motion to withdraw, Dkt. No. 94. Having read and considered the papers filed by the Parties, the Court **DENIES** Plaintiff's motion for a writ of attachment and motion to strike, **DENIES as moot** Defendant Su's application to expunge *lis pendens*, **GRANTS** defense counsel's motion to withdraw, and **GRANTS** Plaintiff's motion for alternative service of process.[1]

---

[1] The Court took these motions under submission without oral argument pursuant to N.D. Civil Local 7-1(b).

Case No.: 5:20-cv-09098-EJD
ORDER RE DOCKET NUMBERS 62, 70, 91, 94, & 95
1

## I. BACKGROUND

Plaintiff filed this action December 16, 2020, alleging (1) breach of contract, (2) quantum meruit, and (3) violation of California Business and Professions Code §§ 17200 and 17500 *et. seq. See* Complaint, Dkt. 1. Plaintiff alleges that in March 2019, it entered into a written Software as a Service Agreement ("SaaS Agreement") with Defendant Jianyi California Corporation for the use of Plaintiff's cloud-based construction management platform. First Amended Complaint ("FAC") ¶¶ 30–32. Plaintiff alleges that after entering the contract with Jianyi, the remaining defendants began to utilize Plaintiff's platform with Plaintiff's knowledge or authorization. FAC ¶¶ 36–41. Defendants failed to make any payment for the use of Plaintiff's services. FAC ¶ 66.

## II. DISCUSSION

### A. Plaintiff's Motion for a Writ of Attachment

Plaintiff seeks to attach "all money, securities, personal properties and real properties held by Lanhai Su." *See* Memorandum of Points and Authorities in Support of Application for Issuance of a Right to Attach, Dkt. No. 62-1. "Attachment . . . is a remedy by which a plaintiff may have various items of a defendant's property seized before judgment and held by a levying officer for execution after judgment." *Waffer Int'l Corp. v. Khorsandi*, 69 Cal. App. 4th 1261, 1271 (1999) (emphasis omitted). Attachment is a harsh remedy because it causes the defendant to lose control of his property before the plaintiff's claims are adjudicated. *Martin v. Aboyan*, 148 Cal. App. 3d 826, 831 (1993). "Therefore, the requirements for the issuance of a writ of attachment are strictly construed against the applicant." *Blastrac, N.A. v. Concrete Sols. & Supply*, 678 F. Supp. 2d 1001, 1004 (C.D. Cal. 2010) (collecting cases). The burden is on the applicant to establish each element necessary for an attachment order by a preponderance of the evidence. *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1116 (1985).

A writ of attachment may be issued "only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars." Cal. Code Civ. Proc. § 482.010(a). Attachment is permitted on unsecured claims or claims secured by

Case No.: 5:20-cv-09098-EJD
ORDER RE DOCKET NUMBERS 62, 70, 91, 94, & 95

personal property, but not claims secured by real property. Cal. Code Civ. Proc. § 483.010(b). For a plaintiff to successfully apply for a writ of attachment under California law, it must show that (1) the claim upon which the attachment is based is one upon which an attachment may be issued; (2) the moving party has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which attachment is based; and (4) the amount to be secured by the attachment is greater than zero. Cal. Code Civ. Proc. § 484.090.

"The primary purpose of the remedy of attachment is to allow unsecured creditors a procedure ancillary to their action by which to ensure that the alleged debtor's assets are not dissipated prior to the time the creditor can obtain and enforce the anticipated judgment on his claim." *N. Hollywood Marble Co., Inc. v. Superior Court*, 157 Cal. App. 3d 683, 690 (1984). The Court agrees with Defendant Su that Plaintiff has not meet its burden of showing that attachment is not sought for a purpose other than the recovery on the claim upon which attachment is based. Dkt. No. 69 at 19. The declaration used to support the writ does not reference Defendant Su's assets or provide support for its claim that Defendant Su intends to hide her assets in the future. The declaration only states that Zheng Zhang, the declarant, has knowledge of Defendant Su's role in Jianyi and implies that Su will attempt to conceal her assets in the future. *See* Dkt. No. 63 at ¶ 6; *see also* Declaration of Zheng Zhang in Support of Plaintiff's Motion to Strike ¶¶ 5–6 (alleging that Defendant Su transferred ownership of two properties from her shell companies to herself and embezzled an $85,000 PPP loan but providing no details or facts to support these claims). There are no facts alleged from which the Court could infer that Defendant Su has concealed her assets or intends to do so in the future. Further, Plaintiff filed the application months after it commenced this action. Plaintiff fails to demonstrate that Defendant Su's financial position has changed since he first filed the action. Because Plaintiff has not demonstrated that Defendant Su's assets are likely to dissipate prior to any judgment, the Court **DENIES** Plaintiff's application for a writ of attachment, Dkt. No. 62.

### B. Plaintiff's Motion to Strike

Plaintiff moves to strike Defendant Su's response to Plaintiff's application for a writ of attachment. Dkt. No. 70. The purpose of a legitimate motion to strike is to avoid wasting time and money litigating "spurious" or "frivolous" issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994); *see also Augustus v. Bd. of Pub. Instruction of Escambia Cnty. Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) ("The motion to strike should be granted only when the pleadings to be stricken has no possible relation to the controversy." (quotation marks and citation omitted)).

Defendant Su's opposition was neither "spurious" nor "frivolous." Defendant Su presented valid legal arguments in her opposition. Indeed, her opposition identified the relevant legal standards and provided analysis as to why those standards prevent the Court from granting Plaintiff's writ of application. The Court thus **DENIES** Plaintiff's motion to strike, Dkt. No. 70.

### C. Defendant Su's Motion to Expunge *Lis Pendens*

On June 16, 2021, Plaintiff served a *lis pendens* on Defendant Su. On July 9, 2021, Plaintiff recorded the *lis pendens* with the Santa Clara County Recorder as Document Number 25024129. *See* Dkt. No. 91-1. The *lis pendens* affects three properties: (1) Defendant Su's primary residence located at 93 Castillo Ln., Milpitas, CA 95035 (the "Milpitas property"); (2) the parcel of real property located at 1653 Old Piedmont Rd., San Jose, CA 95132 (the "Piedmont property"); and (3) 1201-1205 San Pablo Ave., Berkeley, CA 94706 (the "Berkely property"). All three properties (collectively "the Properties") affected by the *lis pendens* are under Defendant Su's ownership. Defendant Su argues that the *lis pendens* should be expunged on the grounds that the underlying lawsuit does not allow for a *lis pendens* as none of the causes of action alleged in the FAC state a real property claim. Defendant Su also requests attorney fees and costs in the amount of $4,300 pursuant to California Code of Civil Procedure § 405.38.

#### 1. Legal Standard

Federal courts look to state law for *lis pendens* matters. *See* 28 U.S.C. § 1964. Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property

1   claim may record a notice of pendency of action, [a lis pendens], in which that real property claim

2   is alleged." A *lis pendens* clouds the title and effectively prevents the property's transfer until the

3   litigation is resolved or the *lis pendens* is expunged. *BGJ Assocs., LLC v. Superior Court*, 75 Cal.

4   App. 4th 952, 966 (1999). The purpose is to give "constructive notice that an action has been filed

5   affecting title or right to possession of the real property described in the notice." *Id.*

6       At any time after notice of pendency of action is recorded, any party may apply to the court

7   in which the action is pending to expunge the notice. Cal. Code Civ. Proc. § 405.30. A court shall

8   order that the notice be expunged if (1) "the court finds that the pleading on which the notice is

9   based does not contain a real property claim;" or (2) "the court finds that the claimant has not

10  established by a preponderance of evidence the probable validity of the real property claim." Cal.

11  Code Civ. Proc. §§ 405.31, 405.32.

12      **2. Analysis**

13      Plaintiff filed an amended complaint on October 21, 2021, eight days after Defendant Su

14  filed her motion to expunge *lis pendens*. Assuming Defendant Su followed this Court's local rules

15  in filing her motion *ex parte*, see Dkt. No. 93 at 7–10, this Court must deny her motion to expunge

16  because Plaintiff's first amended complaint added a fraudulent transfer claim that addresses the

17  Properties. *See* FAC ¶¶ 78–98, 116–130. Because the amended complaint asserts property claims

18  related to the three Properties, the Court **DENIES** Defendant Su's motion to expunge as moot and

19  **DENIES** defense counsel's request for attorney's fees and costs, Dkt. No. 91.

20      **D. Defense Counsel's Motion to Withdraw**

21      In this District, "[c]ounsel may not withdraw from an action until relieved by order of the

22  Court after written notice has been provided, reasonably in advance, to the client and to all other

23  parties who have appeared in the case." N.D. Cal. Civ. L.R. 11-5(a). The court has discretion to

24  grant or deny a motion to withdraw and should deny a motion to withdraw where "withdrawal

25  would work an injustice e or cause undue delay in the proceeding." *Gong v. City of Alameda*,

26  2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (quotation marks and citation omitted).

27      Defendants have requested that counsel withdraw as their counsel of record. *See* Dkt. No.

28  Case No.: 5:20-cv-09098-EJD
ORDER RE DOCKET NUMBERS 62, 70, 91, 94, & 95

United States District Court
Northern District of California

94 at 3. Counsel has informed Defendants of all future hearings and deadlines currently known and anticipated, provided them with copies of all relevant documents, and advised them to retain new counsel. *Id.* The Court **GRANTS** counsel's motion to withdraw, see Dkt. No. 94, subject to three conditions. *See California v. M & P Invs.*, 2007 WL 3119666, at *1 (E.D. Cal. Oct. 23, 2007). First, the two Jianyi Defendants must authorize defense counsel, Mr. Jew, to accept alternative process before Mr. Jew's withdrawal. Second, the Dahyee Law Group must accept service of papers for forwarding to all five Defendants unless and until new counsel is secured. *See* N.D. Cal. Civ. L.R. 11-5(b). Third, the Court encourages Defendants to obtain new counsel and advises the four corporate Defendants that they have **thirty days** from Mr. Jew's withdrawal to obtain new counsel. If the corporate Defendants fail to obtain new counsel, the Court will allow Plaintiff to pursue default judgment against them. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where the corporate defendant failed to obtain substitute counsel).

### E. Plaintiff's Motion for Alternative Service of Process

Plaintiff moves for alternative service of process for two Defendants—Defendant Beijing Jianyi Investment Development Group Co., Ltd. ("Beijing Jianyi") and Defendant Jianyi Investment and Development Co. ("Jianyi Investment") (collectively the "Jianyi Defendants") through their U.S. based counsel, Mr. Leon Emmanuel Jew of the Dahyee Law Group. Plaintiff has attempted to serve the Jianyi Defendants through multiple unsuccessful attempts. The Jianyi Defendants do not oppose the motion for alternative service of process. *See Love v. Mail on Sunday*, 2006 WL 4046180, at *4 (C.D. Cal. Aug. 15, 2006) ("Defendants' position remains unopposed, and the Court would be well within its authority to deem Plaintiff's non-opposition as consent to the motion, and grant it on that ground alone."). Accordingly, the Court **GRANTS** Plaintiff's motion to serve the Jianyi Defendants through Mr. Jew, Dkt. No. 95.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for a writ of attachment and motion to strike, **DENIES as moot** Defendant Su's application to expunge *lis pendens*,

Case No.: 5:20-cv-09098-EJD
ORDER RE DOCKET NUMBERS 62, 70, 91, 94, & 95

6

**GRANTS** defense counsel's motion to withdraw, and **GRANTS** Plaintiff's motion for alternative service of process. The Case Management conference set for March 3, 2022, is **CONTINUED** to April 14, 2022, with an updated case management statement due April 4, 2022. The parties are advised to include a proposed schedule in their updated case management statement.

**IT IS SO ORDERED.**

Dated: February 25, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-09098-EJD
ORDER RE DOCKET NUMBERS 62, 70, 91, 94, & 95

7